No. 6357.

## ARTHUR BAKER, vs. MYATT, DICKS MOTOR CO.

### Syllabus.

1. Signatures to obligations are not mere ornaments. If a party can read, it behooves him to examine an instrument before signing it; and if he cannot read, it behooves him to have the instrument read to him and listen attentively whilst this is being done.

2. One who seeks to avoid the effect of his written obligation upon the ground that its contents have been misrepresented to him, must support his claim by something more appreciable than his own uncorroborated testimony.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 109,493. Honorable T. C. W. Ellis, Judge.

Wm. V. Seeber, for plaintiff and appellee.

Titche & Rogers, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The purpose of this suit is to avoid the effect of a written act of pledge upon the ground that the contents thereof were fraudulently misrepresented to the signer.

To substantiate the claim plaintiff relies upon his own bald statement alone, uncorroborated (except as to his inability to read) and flatly contradicted by two other witnesses.

In the emphatic language of the Supreme Court, "signatures to obligations are not mere ornaments," **Bonet vs. Sarpy, 30 An., 495.** If a party can read, it behooves him to examine an instrument before signing it; and if he cannot read, it behooves him to have the instrument

read to him and listen attentively whilst this is being done.

### Murphy vs. Hussey, 117 La., 399.

If Courts are to lend their aid to the incautious and incompetent, and assist them to avoid their written acts upon the bare suggestion that they have been imposed upon unsupported by any evidence other than their own testimony, then the door is wide open for any designing person to repudiate at his pleasure his most solemn engagements, and written contracts become worse than useless.

One who seeks to avoid the effect of his written obligation, upon the ground that its contents have been misrepresented to him, must support his claim by something more appreciable than his own uncorroborated testimony.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that plaintiff's demand be rejected at his cost in both courts.

It is further ordered that there be judgment in favor of the intervenor, Albert Feldman, and against the plaintiff, Arthur Baker, for the full sum of one hundred and twenty-five dollars ($125.00) with legal interest from September 29th, 1914, and recognition of intervenor's right of pledge upon the automobile herein sequestered, and his right to sell the same at public or private sale to satisfy this judgment with costs and five dollars ($5.00) per month storage charges.

Opinion and decree, May 3rd, 1914.